UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GUY CUMMINGS,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )     1:13-cv-00952-JMS-TAB<br>) |
| INDIANA DEPARTMENT OF CORRECTION,<br>CORIZON, INC., DR. RICHARD TANNER, and<br>DR. STEPHEN DANNEWITZ,<br>    *Defendants.* | )<br>)<br>)<br>) |

## ORDER

Presently pending before the Court is Plaintiff Guy Cummings' Motion for Partial Remand. [Dkt. 14.] For the following reasons, the Court **GRANTS** the motion.

### I.
### BACKGROUND

On May 23, 2013, Mr. Cummings filed a lawsuit in Marion Superior Court against the Indiana Department of Correction ("the DOC"), Corizon, Inc. ("Corizon"), Dr. Richard Tanner, and Dr. Stephen Dannewitz. [Dkt. 1-1.] Mr. Cummings alleges that Corizon provides medical services for inmates at the DOC's Plainfield Correctional Facility ("PCF"), and that Drs. Tanner and Dannewitz were physicians at PCF. [*Id.* at 1-2, ¶¶ 4-6.] He alleges that he broke his right wrist while he was an inmate at PCF and did not receive proper medical treatment, which resulted in him having several bones in his wrist removed and having his right hand fused to his right forearm. [*Id.* at 2, ¶¶ 7-11.] As a result of the allegedly improper medical treatment, Mr. Cummings sued the DOC and Corizon for negligence, asserted a *Monell* claim against Corizon, and asserted 42 U.S.C. § 1983 claims against Drs. Tanner and Dannewitz. [*Id.* at 2-4, ¶¶ 13-32.]

On June 13, 2013, Corizon and Dr. Tanner filed a Notice of Removal in which they stated that this Court has original jurisdiction because Mr. Cummings asserted claims under 42

U.S.C. § 1983.  [Dkt. 1 at 2, ¶ 5.]  They also stated that the DOC did not need to consent to removal under 28 U.S.C. § 1441(c)(2).[1]  [*Id.* at 2, ¶ 7.]  On July 9, 2013, Mr. Cummings filed a Motion for Partial Remand, seeking severance and remand only of the negligence claim against the DOC.  [Dkt. 14.]

## II.
### DISCUSSION

In his Motion for Partial Remand, Mr. Cummings argues that § 1441(c)(2) requires that the Court sever the negligence claim against the DOC and remand it because the Court does not have jurisdiction over that claim since the DOC is entitled to sovereign immunity from suit in federal court under the Eleventh Amendment.  [Dkt. 14 at 1-3.]  The DOC did not respond to Mr. Cummings' Motion for Partial Remand and, in the absence of a response, the Court is authorized to summarily rule on the motion pursuant to Local Rule 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline").  However, because the law prefers merits dispositions, *see Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), the Court will decide the Motion for Partial Remand on its merits.

Section 1441(c) provides:

(1) If a civil action includes –

- (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331]), and

- (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

---

[1] Corizon and Dr. Tanner did not address whether Dr. Dannewitz has been served, nor whether he consented to the removal.

> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

At the outset, the Court must determine whether this case fits within the parameters of § 1441(c)(1). The lawsuit includes federal claims against Corizon and Drs. Tanner and Dannewitz, along with state law negligence claims against the DOC and Corizon. Mr. Cummings argues that the Court does not have jurisdiction over the negligence claim against the DOC because the DOC is immune from suit in federal court. [Dkt. 14 at 2, ¶ 6.] That is incorrect. Immunity is not a jurisdictional issue, but rather a defense to a claim. *Williams v. Fleming*, 597 F.3d 820, 824 (7th Cir. 2010) (in considering whether immunity bars suit, "the proper inquiry is not one of jurisdiction, but whether the United States has a defense to suit"); *Bowers v. United States*, 498 Fed. Appx. 623, 626 (7th Cir. 2012) ("Although the IRS characterizes its first argument about sovereign immunity as 'jurisdictional,' our circuit does not view sovereign immunity that way. Sovereign immunity can be waived; jurisdiction cannot"). The possibility that the DOC is immune from suit for the negligence claim in federal court does not prevent the Court from exercising jurisdiction over that claim. Whether it would survive a motion to dismiss based on an immunity defense is a separate issue.

So, in order for § 1441(c) to require severance and remand of the negligence claim against the DOC, one of two scenarios must be present: either the Court cannot exercise original or supplemental jurisdiction over the claim, or the claim has been "made nonremovable by statute." Neither scenario exists here. First, the Court could exercise supplemental jurisdiction over the negligence claim against the DOC, as it is doing over the negligence claim against Corizon, because that claim is "so related to [the federal law claims] that they form part of the same case

or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Second, the negligence claim against the DOC has not been "made nonremovable by statute." The Eleventh Amendment is not a "statute" as contemplated by § 1441(c)(1)(B). The type of "statute" § 1441(c)(1)(B) refers to appears to be more akin to 28 U.S.C. § 1445, which makes certain types of lawsuits – for example, certain lawsuits against a railroad or its receivers, and lawsuits arising under state workmen's compensation laws – nonremovable. Additionally, the negligence claim against the DOC is not "nonremovable." As discussed above, the possibility that immunity provides the DOC with a defense to the negligence claim says nothing about whether the Court can exercise jurisdiction over that claim. It can, and the claim was removable to this Court.

Accordingly, the Court finds that this matter does not fit within the parameters of § 1441(c)(1) and that, consequently, it is not *required* to sever and remand the negligence claim pursuant to Mr. Cummings' motion. However, after considering the practical effect of denying Mr. Cummings' motion, the Court will sever and remand the negligence claim in its discretion. *See* Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). Were the Court to deny the motion, it anticipates that the DOC would move to dismiss the negligence claim based on sovereign immunity. Were the negligence claim dismissed without prejudice, Mr. Cummings would likely re-file his negligence claim against the DOC in state court. Given the fact that the DOC did not oppose Mr. Cummings' motion, the Court finds that severance and remand of the negligence claim is appropriate, and reaches what may ultimately be the same end-result of denying the motion – a negligence claim against the DOC pending in state court – without wasting time and judicial resources.

## III.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Cummings' Motion for Partial Remand, [dkt. 14], **SEVERS** Mr. Cummings' negligence claim against the DOC, and **REMANDS ONLY THAT CLAIM** to the Marion Superior Court pursuant to 28 U.S.C. § 1447(d).

08/13/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Rachel A. East
BLEEKE DILLON CRANDALL, PC
rachel@bleekedilloncrandall.com

Robert D. King Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

Madhavi L. Menon
OFFICE OF THE ATTORNEY GENERAL
madhavi.menon@atg.in.gov

David Ray Thompson
LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com